# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIX NACEDO FLORES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>TAYLOR, Warden,<br><br>　　　　Respondent. | Case No. 1:23-cv-01587-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS GROUNDS TWO AND THREE<br><br>(21-DAY OBJECTION DEADLINE) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner filed the instant petition in this Court on November 9, 2023. Upon review of the petition, the Court finds that Grounds Two and Three may not be raised in this petition and must be raised instead in a separate action. Therefore, the Court will recommend that Grounds Two and Three be DISMISSED without prejudice.

**DISCUSSION**

I.　Preliminary Screening of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

II.        Dismissal of Unrelated Claims

No habeas petitioner can challenge different determinations, regardless of whether they were judicial or administrative, in a single action. See Rule 2(e) of the Rules Governing Section 2254 Cases; Rule 2(d) of the Rules Governing Section 2255 Cases. "Habeas Rules do not envision ... a lump-sum challenge to the circumstances which a litigant might find [himself] in. Rather, [under] Habeas Rule 2(e), [every] petitioner is obligated to submit a separate habeas application challenging each particular determination.... Therefore, [the] petitioner shall select, for the purposes of each ... habeas action, [a] particular [administrative or judicial] determination ... he wishes to challenge, and then file an individual petition with regard to each specific challenge." Alou v. Holder, 2010 WL 4316946, at *2-3 (D.N.J. Oct. 22, 2010) (citing 28 U.S.C. § 2254 Rule 2(e), applicable to §§ 2241 and 2255 petitions through Habeas Rule 1(b)) (capitalization removed). It follows that, where a petitioner raises different habeas challenges in a single action, the court either dismisses his claims for failure to comply with Rule 2(e) or severs each line of challenges into its own, new and separate, habeas matter in order to address its procedural or substantive properties.

In Ground One, Petitioner challenges the computation of his federal sentence by the Bureau of Prisons ("BOP"). He contends that the BOP failed to properly grant him credit for time served in state custody pursuant to 18 U.S.C. § 3585(b). In Grounds Two and Three, Petitioner challenges a disciplinary proceeding in which he was found guilty of failing to provide a urine sample. Grounds Two and Three involve a completely distinct set of facts and determinations. These grounds may not be raised in a single petition but must be raised in a new, separate petition. Thus, the Court will recommend that Grounds Two and Three be dismissed from the petition and Petitioner be directed to file a new petition raising those grounds.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Grounds Two and Three be DISMISSED from the petition WITHOUT PREJUDICE to renewing them in a separate petition.

This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after service of the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 13, 2023**            /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE