**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FELIX NACEDO FLORES,<br><br>         Petitioner,<br><br>    v.<br><br>TAYLOR, Warden,<br><br>         Respondent. | No.  1:23-cv-01587-JLT-SKO (HC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**<br>**(Doc. 6)**<br><br>**ORDER DISMISSING GROUNDS TWO AND THREE FROM PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS** |

Felix Nacedo Flores is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge issued Findings and Recommendations to dismiss Grounds Two and Three from the petition.  (Doc. 6.)  Petitioner filed objections.  (Doc. 7.)

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a *de novo* review of the case.  In his objections, Petitioner contends that Grounds Two and Three may be raised in the same petition because they concern judgments made by the same authority, the Bureau of Prisons.  Not so.  Pursuant to Rule 2(e) of the Rules Governing Section 2254 Cases, a petitioner may challenge only one judgment in a federal habeas action.  *See*, *e.g.*, *Morris v. Baughman*, 2020 WL 636452, *1 (E.D. Cal. 2020) (finding that a petitioner challenging three disciplinary actions

1  required the filing of three separate petitions).  As noted by the Magistrate Judge, in Ground One,
2  Petitioner contends that the BOP erred in its computation of his sentence by failing to grant him
3  credit for time served in state custody pursuant to 18 U.S.C. § 3585(b).  In Grounds Two and
4  Three, Petitioner challenges a disciplinary proceeding in which he was found guilty of failing to
5  provide a urine sample.  As explained in the Findings and Recommendations, Grounds Two and
6  Three involve a separate and unrelated judgment by the BOP.  The claims concern a different
7  event with distinct questions of fact and law.  The Magistrate Judge correctly determined that
8  Petitioner must file a separate petition to challenge the disciplinary proceeding.

9  Petitioner's argument that a separate petition will run afoul of Rule 9 of the Rules
10 Governing Section 2254 Cases and 28 U.S.C. § 2244(b)(2) as a successive petition is unavailing.
11 The second or successive bar in Rule 9 and § 2244(b)(2) concern state prisoners filing § 2254
12 petitions, not federal prisoners.  Petitioner, a federal prisoner, is limited to filing a single petition
13 with respect to each judgment made by the BOP, but he is not limited to filing a single petition in
14 total.  Otherwise, a federal petitioner challenging a disciplinary proceeding would be barred from
15 challenging any subsequent disciplinary proceeding or sentence determination, which is not the
16 case.

17 Having carefully reviewed the entire file, including Petitioner's objections, the Court
18 concludes that the Magistrate Judge's Findings and Recommendations are supported by the
19 record and proper analysis.

20 In the event a notice of appeal is filed, a certificate of appealability will not be required
21 because this is an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,
22 not a final order in a habeas proceeding in which the detention complained of arises out of
23 process issued by a state court.  *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997);
24 *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th
25 Cir. 1996). Thus,

26  1.  The Findings and Recommendations issued on November 14, 2023, (Doc. 6), are
27      **ADOPTED IN FULL**.
28  2.  Grounds Two and Three are **DISMISSED** without prejudice to refiling in a

2

separate habeas action.

3. The matter is referred to the Magistrate Judge for further proceedings. In the event a notice of appeal is filed, no certificate of appealability is required.

IT IS SO ORDERED.

Dated: __November 28, 2023__

_/s/ Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

3