1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FELIX NACEDO FLORES,                    No.  1:23-cv-01587-JLT-SKO (HC)

12                      Petitioner,          **FINDINGS AND RECOMMENDATIONS
                                             TO GRANT RESPONDENT'S MOTION
13        v.                                 TO DISMISS**

14   WARDEN, FCI-MENDOTA,                     **[Doc. 22]**

15                      Respondent.

16

17        Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.

19        On November 9, 2023, Petitioner filed the instant habeas petition.  (Doc. 1.)  On March

20   19, 2024, Respondent filed a motion to dismiss the petition.  (Doc. 22.)  Respondent seeks

21   dismissal because Petitioner was granted the relief he sought: The BOP has recomputed his

22   sentence to account for state post-arrest custody and he has been released from BOP custody as of

23   March 6, 2024.  Petitioner did not file an opposition. Having reviewed the pleadings, the Court

24   will recommend that Respondent's motion to dismiss be GRANTED.

25                              **DISCUSSION**

26   **I.      Motion to Dismiss**

27        The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer.

28   See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate

                                         1

motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

## II.     Mootness

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies."  To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of standing, ripeness, and mootness.  See Poe v. Ullman, 367 U.S. 497, 502-505 (1961).  The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP, Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984).  A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1984).  The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)).

Petitioner alleges the BOP failed to properly credit his sentence with time spent in state custody following arrest.  Respondent states that Petitioner's sentence has since been recalculated, he has been given all disputed time credits, and he has been released from BOP custody.  Respondent's exhibits support this contention.

According to BOP records, Petitioner's sentence was recalculated and he was awarded 959 days of prior credit time, and the BOP documentation attached to his petition reflects he was only awarded 503 days.  (Doc. 1 at 28; 22-1 at 7.)  Petitioner was also released from BOP custody on March 6, 2024.  (Doc. 22-1 at 7.)  Since Petitioner has been granted the relief he sought, the underlying matter is moot.

1

**RECOMMENDATION**

2      For the foregoing reasons, the Court RECOMMENDS that Respondent's motion to dismiss

3   be GRANTED.

4      This Findings and Recommendation is submitted to the United States District Court Judge

5   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

6   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

7   twenty-one (21) days after being served with a copy of this Findings and Recommendation, any

8   party may file written objections with the Court and serve a copy on all parties.  Such a document

9   should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies

10  to the Objections shall be served and filed within ten (10) court days (plus three days if served by

11  mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling

12  pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within

13  the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst,

14  951 F.2d 1153 (9th Cir. 1991).  This recommendation is not an order that is immediately appealable

15  to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules

16  of Appellate Procedure, should not be filed until entry of the District Court's judgment.

17

IT IS SO ORDERED.

18

19  Dated:  __**April 29, 2024**__                    ___/s/ *Sheila K. Oberto*___

20                                                     UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

3